**Opinion issued July 30, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00500-CV

————————————

**ARTHUR P. HOLDINGS, LP, ARTHUR P. HOLDINGS, INC., PARADISE LIVING, INC. D/B/A THE COTTAGE HEALTH CARE SERVICES, LEGONITE, INC., JAMES ARTHUR, AND MARY ARTHUR, Appellants**

**V.**

**BLACKBURNE & BROWN MORTGAGE FUND I AND BLACKBURNE & SONS REALTY CAPITAL CORPORATION, Appellees**

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 2024-13806**

---

**MEMORANDUM OPINION**

This suit arises from a mortgage debt and subsequent foreclosure. It is the fifth in a series of lawsuits brought by the borrowers against the lender after the parties had settled and an agreed final judgment was signed.[1]

Here, the borrowers sued the lender for breach of contract and declaratory relief regarding the settlement agreement and agreed final judgment. The trial court granted the lender's Rule 91a motion to dismiss the borrowers' claims.[2] And the borrowers appeal.

Because we conclude that the borrowers' claims constitute an impermissible collateral attack on the agreed final judgment, we affirm the trial court's final judgment.

---

[1]  *See Arthur P. Holdings, L.P. v. Blackburne & Brown Mortgage Fund I*, No. 01-25-00500-CV, 2025 WL 3083348 (Tex. App.—Houston [1st Dist.] Oct. 28, 2025, no pet.) (mem. op.); *Arthur v. Blackburne & Brown Mortgage Fund I*, No. 14-21-00396-CV, 2023 WL 2711379 (Tex. App.—Houston [14th Dist.] Mar. 30, 2023, no pet.) (mem. op.); *Arthur v. Rayborn*, No. 01-21-00072-CV, 2022 WL 17835228 (Tex. App.—Houston [1st Dist.] Dec. 22, 2022, no pet.) (mem. op.); *Paradise Living, Inc. v. Blackburne & Brown Mortgage Fund I*, No. 01-18-00194-CV, 2019 WL 2426168 (Tex. App.—Houston [1st Dist.] June 11, 2019, no pet.) (mem. op.); *Arthur Holding v. Blackburne & Brown*, No. 01-17-00962-CV, 2018 WL 1003798 (Tex. App.—Houston [1st Dist.] Feb. 22, 2018, no pet.) (mem. op.) (appeal from the agreed final judgment).

[2]  *See* TEX. R. CIV. P. 91a.

## Background

In 2006, Arthur[3] borrowed funds from Blackburne[4] to purchase a 16-unit condominium complex in southwest Houston, known as the Beechnut Property. Arthur later defaulted on the loan.

In 2016, the parties settled. In their Settlement Agreement, Arthur agreed to make scheduled payments to Blackburne, and the parties agreed to the terms of an Agreed Final Judgment—to be filed in the event of a default. The Settlement Agreement further provided for foreclosure and liquidated damages—the amount of which was dependent on the timing of the default. As pertinent here, the provision states:

> The Agreed Final Judgment will order foreclosure of the Property on the first available date. It will also contain an award of liquidated damages to [Blackburne] for the post-foreclosure deficiency against [Arthur] as follows: . . . The sum of $400,000.00, such sum due immediately, in the event the Agreed Final Judgment is filed between July 1, 2017 and July 26, 2018.

Arther again defaulted. Consequently, on July 27, 2017, Blackburne filed the Agreed Final Judgment. And the trial court later signed the judgment.

---

[3] Arthur P. Holdings, LP, Arthur P. Holdings, Inc., Paradise Living, Inc., doing business as The Cottage Health Care Services, Legonite, Inc., James Arthur, and Mary Arthur (collectively, Arthur).

[4] Blackburne & Brown Mortgage Fund I and Blackburne & Sons Realty Capital Corporation (collectively, Blackburne).

The Agreed Final Judgment orders the sale of the Beechnut Property and states: "The amount of the sale shall not alter the schedule of liquidated amounts below." It further orders:

> [I]n the event of foreclosure, pursuant to the Settlement Agreement of the parties, that Blackburne have and recover jointly and severally from [Arthur] the following liquidated amounts: . . . The sum of $400,000.00, such sum due immediately, in the event the Agreed Final Judgment is filed between July 1, 2017 and July 26, 2018.

In 2019, Blackburne foreclosed, and the Beechnut Property at a was sold at a constable's sale for $550,000.00. Blackburne then collected its liquidated damages by seizing and selling other properties owned by Arthur.

Five years later, in 2024, Arthur filed the instant lawsuit. Arthur argued that Blackburne breached the Settlement Agreement and Agreed Final Judgment by collecting liquidated damages. According to Arthur, the 2019 constable's sale of the Beechnut Property did not result in a deficiency. Arthur sought a judgment declaring that (1) its liability for liquidated damages was contingent upon there being a deficiency and (2) the liquidated damages provision constituted an unenforceable penalty.

Blackburne filed a Rule 91a motion to dismiss Arthur's suit, arguing in part that it constitutes an impermissible collateral attack on the Agreed Final Judgment. After a hearing, the trial court granted Blackburne's motion and dismissed Arthur's suit. Arthur appeals.

4

**Motion to Dismiss**

Arthur argues that the trial court erred in granting the Rule 91a motion and dismissing its claims because its petition states viable claims for breach of contract and declaratory relief.

**A.      Standard of Review**

Rule 91a provides a mechanism for the early dismissal of a cause of action that has no basis in law or fact. *See* TEX. R. CIV. P. 91a.1; *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 918 (Tex. 2023).

"A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1.  This may occur if the petition: (1) alleges too few facts to demonstrate a viable, legally cognizable claim to relief or (2) alleges facts that, if true, bar the plaintiff's recovery. *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.).  "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1.

Whether a defendant is entitled to dismissal under Rule 91a is a legal question that we review de novo. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).  "Dismissal is appropriate if the plaintiffs' pleading of the cause of action fails to state a legally cognizable claim, conclusively establishes an affirmative defense, or otherwise shows the plaintiffs are not entitled to the relief sought."

5

*Carden v. Minton, Bassett, Flores & Carsey, P.C.*, No. 24-0834, 2026 WL 1851869, at *4 (Tex. June 26, 2026).

Rule 91a allows dismissal based on an affirmative defense "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020) (quoting TEX. R. CIV. P. 91a.1). "Rule 91a limits a court's factual inquiry to the plaintiff's pleadings but does not so limit the court's legal inquiry." *Id.* "In deciding a Rule 91a motion, a court may consider the defendant[s'] pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court." *Id.* And the rule contemplates that a court may consider the substance of the motion and arguments at the hearing. *Id.* at 655.

In our review, we construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings. *Stallworth*, 510 S.W.3d at 190. We "may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."[5] TEX. R. CIV. P. 91a.6.

---

[5]  Texas Rule of Civil Procedure 59 provides:

> [M]ortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense,

**B.    Analysis**

Based on these principles, we must determine whether Arthur's live pleading alleges a viable, legally cognizable claim against Blackburne or establishes a legal bar to the requested relief.  Arthur attached a copy of the Settlement Agreement and Agreed Final Judgment to its petition, which we include in our review. *See id*.

Blackburne moved to dismiss Arthur's claims on several grounds, including that they all essentially constitute an impermissible attempt to collaterally attack the 2017 Agreed Final Judgment.  We agree with Blackburne.

### *Collateral attack*

Generally, a judgment may be attacked directly or collaterally. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012).  "A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition." *Id*.  "After the time to bring a direct attack has expired, a litigant may only attack a judgment collaterally." *Id.* at 272.

---

may be made a part of the pleadings by copies thereof . . . being attached or filed and referred to as such, or by copying the same in the body of the pleading in aid and explanation of the allegations in the petition or answer made in reference to said instruments and shall be deemed a part thereof for all purposes.  Such pleadings shall not be deemed defective because of the lack of any allegations which can be supplied from said exhibit. No other instrument of writing shall be made an exhibit in the pleading.

TEX. R. CIV. P. 59.

7

A collateral attack "seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes." *Id.* But "[c]ollateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts." *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). While a collateral attack may be brought at any time, only a void judgment can be collaterally attacked. *PNS Stores*, 379 S.W.3d at 271–72.

"A judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) (internal quotations omitted). "All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack." *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)

Here, the Agreed Final Judgment attached to Arthur's live petition states that, "in the event of foreclosure," Blackburne will "have and recover jointly and severally from [Arthur]," the "sum of $400,000.00, such sum due immediately, in the event the Agreed Final Judgment is filed between July 1, 2017 and July 26, 2018." It further provides that an order of sale shall issue, and "[t]he amount of the sale shall not alter the schedule of liquidated amounts."

The Agreed Final Judgment reflects that it was filed on July 27, 2017. Arthur's petition states that Blackburne foreclosed on the Beechnut Property, and it was sold through a constable's sale on November 5, 2019. Thus, as the parties agreed, Blackburne was entitled to collect the sum of $400,000.00 in liquidated damages from Arthur, which was "due immediately."

But Arthur now argues, in this suit filed in 2024, that it does not owe liquidated damages because the 2019 constable's sale of the Beechnut Property did not result in a deficiency—notwithstanding that the Agreed Final Judgment expressly makes the amount recovered at the sale irrelevant. Arthur's petition seeks a judgment declaring that the "liquidated damage provisions of the Contract [Settlement Agreement and Agreed Final Judgment] apply only in the event of a deficiency" after the foreclosure sale, and it seeks a declaration that the liquidated damages provisions "constitute a penalty not enforceable by law or contract." Arthur further alleges that Blackburne's collection of liquidated damages constitutes a breach of the Settlement Agreement and Agreed Final Judgment.

The time to bring a direct attack on the 2017 Agreed Final Judgment has expired.[6] *See PNS Stores*, 379 S.W.3d at 271–72 (direct attack—such as appeal,

---

[6] Arthur appealed, despite language in the Agreed Final Judgment that it was "not appealable." But Arthur's appeal was not timely filed as required by the Texas Rules of Appellate Procedure, and the appeal was dismissed for lack of jurisdiction. *See Arthur Holding*, 2018 WL 1003798, at *2.

motion for new trial, or bill of review—"attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition"). Thus, Arthur "may only attack [the] judgment collaterally." *See id.* at 272.

Arthur seeks to avoid the "binding effect" of the Agreed Final Judgment. *See id.* But Arthur does not argue that it is void. *See id.* at 271–72 (only a void judgment can be collaterally attacked); *Travelers Ins.*, 315 S.W.3d at 863. Thus, Arthur's suit constitutes an impermissible collateral attack on the Agreed Final Judgment.

To the extent Arthur argues that the liquidated damages provision constitutes an unenforceable penalty, this is a substantive contractual defense that Arthur needed to raise in the trial court during the original lawsuit in which the 2017 Agreed Final Judgment was signed. *See SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W.3d 275, 287 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("An assertion that a liquidated damages provision constitutes an unenforceable penalty is an affirmative defense, and the party asserting penalty bears the burden of proof."). And Arthur does not assert that the trial court's jurisdiction is implicated.[7] *See Travelers Ins.*, 315 S.W.3d at 863.

---

[7]     Nor is the defense clearly established on the face of the pleadings. *See Phillips v. Phillips*, 820 S.W.2d 785, 788–90 (Tex. 1991).

Further, this Court and others have held that a "declaratory judgment action may not be used to collaterally attack, modify, or interpret a prior judgment." *Gunal v. Block*, No. 01-23-00838-CV, 2025 WL 3210085, at \*3 (Tex. App.—Houston [1st Dist.] Nov. 18, 2025, no pet.) (mem. op.); *see Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 353–54 (Tex. App.—San Antonio 1999, pet. denied) ("[T]he use of a declaratory judgment suit to interpret a judgment of the same or another court is an impermissible collateral attack on the previous judgment.").

Because Arthur's claim for declaratory relief is barred as an impermissible collateral attack, its assertion that Blackburne breached the Agreed Final Judgment by collecting liquidated damages—which is premised on its declaratory claim—is likewise barred as a matter of law.

To the extent Arthur claims a separate breach of the Settlement Agreement based on the statement therein that the Agreed Final Judgment "*will . . . contain* an award of liquidated damages . . . *for the post-foreclosure deficiency*," this anticipatory language was modified, and therefore subsumed, in the Agreed Final Judgment—which states that "[t]he amount of the sale shall not alter the schedule of liquidated amounts." (Emphasis added.)  And Arthur approved the Agreed Final Judgment as to both form and substance.  Thus, Arthur waived any claim, except for jurisdictional error (which it does not assert), that its terms varied from the prior Settlement Agreement. *See Mailhot v. Mailhot*, 124 S.W.3d 775, 777–78 (Tex.

11

App.—Houston [1st Dist.] 2003, no pet.) (party "waived the right to complain of the judgment that he asked the trial court to enter" and "has not preserved error to complain of the judgment, which he 'approved as to both form and substance'").[8]

We therefore conclude that Arthur's suit constitutes an impermissible collateral attack on the Agreed Final Judgment. Thus, Blackburne established that Arthur's claims lack a basis in law. *See* TEX. R. CIV. P. 91a.1; *Bethel*, 595 S.W.3d at 656. Accordingly, we hold that the trial court did not err in granting Blackburne's Rule 91a motion to dismiss Arthur's claims.

### Findings of Fact and Conclusions of Law

Arthur also asserts that the trial court erred in failing to file findings of fact and conclusions of law.

Texas Rule of Civil Procedure 296 provides: "In any case *tried* in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." *See* TEX. R. CIV. P. 296 (emphasis added). After proper and timely request, the trial court is required to issue findings of fact and conclusions of law within twenty days. *See* TEX. R. CIV. P. 297. But Rule 297

---

8     *See Boufaissal v. Boufaissal*, 251 S.W.3d 160, 162 (Tex. App.—Dallas 2008, no pet.) (consent to entry of judgment "waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review"); *Sivley v. Sivley*, 972 S.W.2d 850, 857–59 (Tex. App.—Tyler 1998, no pet.) (agreed judgment, entered without objection, that varied from terms of Rule 11 agreement superseded Rule 11 agreement).

does not impose a duty to file findings and conclusions where there has been no trial. *Carpenter v. Alijanipour*, No. 01-24-00307-CV, 2025 WL 1460702, at *4 (Tex. App.—Houston [1st Dist.] May 22, 2025, pet. denied) (mem. op.).

When ruling on a Rule 91a motion to dismiss, a court does not consider evidence but rather must determine whether, accepting all facts alleged by the plaintiff as true, recovery by the plaintiff is foreclosed as a matter of law. *See* TEX. R. CIV. P. 91a.6; *Bethel*, 595 S.W.3d at 656; *Stallworth*, 510 S.W.3d at 190. Accordingly, findings of fact and conclusions of law are neither required nor appropriate. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997).

Here, the trial court dismissed Arthur's case without a trial and without an evidentiary hearing. Consequently, the trial court was not required to issue findings of fact or conclusions of law. Therefore, we hold that it did not err in denying Arthur's request. *See Awde v. Dabeit*, 938 S.W.2d 31, 33 (Tex. 1997).

## Conclusion

We affirm the trial court's final judgment in all things.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.